The opinion of the court was delivered by
Manning, C. J.
The object of this suit is the revival of a judgment under the act of 1858.
One Cropper obtained a judgment against the defendants in the fifth judicial district court for Iberville on May 10,1867. The plaintiffs, claiming to be the owners of this judgment, which is not disputed by Cropper, instituted this suit in the fifth judicial district court for Iberville for the revival of the former judgment, and had citation issued thereon, which was served April 18, 1877. The service was therefore within ten years from the rendition of the judgment.
It is contended by the defendants that citation has issued from the wrong court, and an exception was filed by them to the jurisdiction of the district court, which can not be understood without an explanation of the original suit.
Cropper is the son of the defendant Mrs. Cole by her first husband. She was his tutrix, her second and present husband was contutor, and the suit was for an account, and for judgment for such sum as should be found to be due, and it was had for over fourteen thousand dollars. This was under the Constitution of 1852, whereby district courts had jurisdiction of all matters affecting successions, and minors.
The constitution of 1868 followed, creating parish courts with jurisdiction of those subjects, and the defendants contend that the suit for' *962 revival should have been instituted in the parish court of Iberville, because that court alone had now jurisdiction of such matters as are embraced in the original suit, and further because by the act organizing the parish courts, the clerks of the district courts are required to transfer to the parish courts “ail causes now pending and on file” which fall under the jurisdiction of the latter. Acts 1868, p. 60.
It would be a strained construction to hold that the clerks, under this mandate, must transfer to the parish courts all causes, complete .and ended, as well as those pending. A great mass of records is in the ■ clerk’s office of causes which are ended. If that officer be required to ■transfer to the parish courts all of these that should have been brought in a parish court, had one existed from 1852 to 1868, who is to say what records he shall thus transfer? Experience has taught us that it was not an easy matter for courts to determine correctly where was the ■ dividing line between the two jurisdictions, and-the clerks would surely have been unable to do it. The phraseology of the act docs not leave •this question doubtful. All causes now-pending and on file which fall under the jurisdiction of the parish courts must be transferred to them, . and the parish court shall try and determine the same, and make all ■ orders therein that may be legal and proper. It is not all causes which would have fallen under the jurisdiction of the parish court, but those ■which fall under that jurisdiction according to the constitution and that .Act, which must be transferred. And for what purpose ? That the par-fish court may try and determine the same, and make orders therein. And to make the meaning of the act certain, it is added — the clerk of the district court, shall issue all executions and writs, or orders of any kind, in all cases previously decided in those courts for any purpose whatever. Idem, p. 62.
The suit, or contestation, which was terminated by the judgment of May 1867, properly remained among the records of the district courts, because it was not pending. But it may be that some would consider the expression ‘ pending and on file,’ to mean two classes of causes, viz those pending which are undecided, and those on file which means every cause among the records which falls within the description of the Act. There is no comma after ‘pending.’ The two expressions refer to the same class of causes, as the other expressions in the same clause plainly indicate. How is the district court to issue executions or orders upon judgments already rendered, if the suits or records containing the judgments are transferred to another court?
It would not matter however if the clerk of the Iberville court had transferred this record to the parish court. The court which has jurisdiction of suits for revival of judgments is distinctly pointed out in the act of 1853 which provided for their revival. The citation must Issue *963 from, and the suit must necessarily be addressed to the ‘court which Tendered the judgment.’ Rev. Stats, sec. 2813.
The district court for Iberville rendered the judgment, and in that •court was properly instituted the proceeding for its revival.
It is not necessary to examine the bills of exception, which have no reference to the points on which we have rested our decision. There was testimony shewing the inscription and reinscription of the judgment of 1867, offered doubtless to shew the continued vitality of the judicial mortgage, but it is wholly out of place in such suit as this, the -sole object of which is to keep alive the original judgment by a revival. The suit of revivor having been instituted before the proper court, and the citation having been served within ten years from the date of the original judgment, it was held below that the plaintiff was entitled to Its revival.
Judgment affirmed.